UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSE DENNIS, JR., ET AL                    CIVIL ACTION NO. 13-cv-1339

VERSUS                                      JUDGE HICKS

BOSSIER HEALTHCARE, LLC                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs filed this civil action in federal court based on an assertion of diversity jurisdiction, so it is their burden to allege facts that establish a factual basis for the exercise of such jurisdiction.

Jesse Dennis, Jr. and Teresa Dennis allege that they are domiciliaries of Louisiana and Virginia, respectively, so they are citizens of those states. Also named as plaintiffs are the estate of James Dennis, Sr. and the estate of Lue Ree Dennis. No citizenship information is provided in the complaint with respect to the citizenship of the two estates, although the complaint does say that venue is proper here because two (unnamed) plaintiffs reside here. Any ambiguity on this must be clarified by an amended complaint that specifically alleges the citizenship of the estates. It is noted that the legal representative of an estate of a decedent is deemed to be a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2).

The single defendant is Bossier Healthcare, LLC, which the complaint describes as a non-Louisiana corporation organized under Delaware law and with its principal place of business in Bossier Parish, Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business

being irrelevant. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. <u>Feaster v. Grey Wolf Drilling Co.</u>, 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as <u>Burford v. State Line Gathering System, LLC</u>, 2009 WL 2487988 (W.D. La. 2009).

Bossier Healthcare has filed an answer in which it admits its "corporate status" as alleged but provides no additional citizenship information. Bossier Healthcare's name indicates that it is not a corporation but it is actually a limited liability company whose citizenship must be determined according to the rules discussed above. Both counsel are directed to cooperate in gaining the information necessary for Plaintiffs to file an amended complaint by **July 26, 2013** that sets forth the necessary citizenship information. A motion for leave to file the amended complaint may be required by Fed. R. Civ. Proc. 15.

If Plaintiffs are able to establish in the amended complaint that diversity jurisdiction exists, the court will set a scheduling conference in due course. If Plaintiffs are not able to establish a factual basis for the exercise of diversity jurisdiction, the court will have to dismiss the complaint without prejudice for lack of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE