## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR. and the ESTATE OF DECEDENT, LUE REE DENNIS | * CIVIL ACTION NO. 13-cv-1339 |
| VERSUS | *JUDGE |
| BOSSIER HEALTHCARE, LLC, d/b/a HERITAGE MANOR OF n BOSSIER | *MAGISTRATE JUDGE |

---

## AMENDED COMPLAINT

---

NOW INTO COURT, through undersigned counsel, comes JESSE DENNIS, JR., a major domiciliary of Bossier City, Bossier Parish, Louisiana, TERESA DENNIS, a major domiciliary of Stafford, Stafford County, Virginia, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF DECEDENT, LUE REE DENNIS, hereinafter referred to as "Plaintiffs", who, with respect amend their complaint to represent:

1.

Made defendant herein is:

> BOSSIER HEALTHCARE, LLC, a non-Louisiana limited liability company organized pursuant to the laws of the State of Delaware d/b/a HERITAGE MANOR OF BOSSIER, a nursing home licensed to do and doing business in the State of Louisiana, with its principal place of business in Bossier Parish, which may be served through its agent for service of

1

process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802; hereinafter referred to as "Heritage Manor."

2.

Plaintiffs, JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF DECEDENT, LUE REE DENNIS, who died on October 2, 2012, show they are the proper parties to bring the instant suit for the survival action and wrongful death action pursuant to Louisiana Civil Code Article 2315.1 (A) and 2315.2 (A) due to the absence of any higher class of beneficiaries as set out in Section A of said Articles. Plaintiff JESSE DENNIS, JR. is domiciled in Louisiana. Plaintiffs, the ESTATE OF JAMES DENNIS, SR. and the ESTATE OF DECEDENT, LUE REE DENNIS are domiciled in Louisiana, as both decedents were domiciled in Louisiana. Plaintiff TERESA DENNIS is domiciled in Virginia.

3.

Defendant, BOSSIER HEALTHCARE, LLC, is a limited liability company whose proper state of citizenship is Delaware. BOSSIER HEALTHCARE, LLC's sole member is CENTENNIAL HEALTHCARE HOLDING COMPANY, LLC, whose sole member is CENTENNIAL HEALTHCARE PROPERTIES, LLC. Defense counsel was unable to provide further information as to the member(s) of CENTENNIAL HEALTHCARE PROPERTIES, LLC, per the Court's instruction, other than to inform Plaintiffs that only Delaware LLCs are in the line of membership for the named defendant, BOSSIER HEALTHCARE, LLC.

2

4.

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5.

Venue is proper with this Honorable Court because two of the Plaintiffs reside herein and the incident(s) complained of occurred herein in Bossier Parish, Louisiana.

6.

Plaintiffs show that the defendant herein is liable for any and all damages as are reasonable in the premises.

7.

The amount of damages sought herein are sufficient to establish jurisdiction in this Court, and should include legal interest thereon from February 18, 2013,  the date the request for the Medical Review Panel was submitted, until paid and for all costs of these proceedings.

8.

Plaintiffs further show that a claim letter dated February 18, 2013, was filed against the defendant, HERITAGE MANOR OF BOSSIER, and received by the Commissioner of Administration on March 5, 2013, pursuant to the Louisiana Medical Malpractice Act.   Plaintiff shows that they were notified by the Commissioner of

3

Administration on March 5, 2013 that the defendant, HERITAGE MANOR OF BOSSIER, is not qualified and does not have coverage in the Patient's Compensation Fund under the provisions of Louisiana Revised Statutes 40:1299.41, et seq.

9.

Plaintiffs further show that LUE REE DENNIS was a ninety-year old female admitted to the defendant's facility in July 2008 for skilled nursing care and continued physical and occupational therapy.

10.

Plaintiffs further show that LUE REE DENNIS remained in defendant's care until and through March 27, 2102, when a skin breakdown on the inner aspect of LUE REE DENNIS' left foot was found.

11.

Plaintiffs further show that one week later, on April 3, 2012, a pressure wound was found on LUE REE DENNIS' right foot, requiring wound care consult, antibiotics, and dressing changes.

12.

Plaintiffs further show that LUE REE DENNIS remained in the care of the defendant, HERITAGE MANOR OF BOSSIER, until April 30, 2012, when she was admitted to a Willis Knighton Health Center for surgical consult and IV antibiotic therapy due to an infected right foot ulcer.

4

13.

Plaintiffs further show that LUE REE DENNIS' injuries became so severe that she was found to have gas gangrene of her right foot, requiring an above-the-knee amputation on July 26, 2012.  LUE REE DENNIS, passed away on October 2, 2012.

14.

Plaintiffs further show that as a result of her non-ambulatory status, LUE REE DENNIS was at risk for pressure ulcers and skin breakdowns and defendant HERITAGE MANOR was required to take the necessary precautions to prevent ulcers from developing on contact areas.

15.

Plaintiffs further show that despite defendant HERITAGE MANOR's obligation to LUE REE DENNIS, defendant failed to provide reasonable medical care to LUE REE DENNIS and such negligence led to gangrenous right and left foot pressure ulcers that became so infected her right leg required amputation above the knee.

16.

As a result of defendant Heritage Manor's negligence, LUE REE DENNIS was allowed to develop a pressure ulcer that required acute care hospitalization and extensive wound care.

17.

At all times pertinent hereto, LUE REE DENNIS, was a patient under the care and treatment of defendant, HERITAGE MANOR OF BOSSIER.

5

18.

Plaintiffs show that the death of LUE REE DENNIS was the direct and proximate

cause by the defendant, HERITAGE MANOR OF BOSSIER, by its negligence, fault and

deviation from the standard of care on defendants' part, in the following non-exclusive

list of particulars:

a)   HERITAGE MANOR OF BOSSIER failed to notify the physician
     and family when LUE REE DENNIS' left foot wound showed signs
     of deterioration;

b)   HERITAGE MANOR OF BOSSIER failed to monitor LUE REE
     DENNIS' skin for continued breakdown;

c)   HERITAGE MANOR OF BOSSIER failed to recognize
     signs/symptoms of the skin breakdown on LUE REE DENNIS'
     inner aspect of the left foot;

d)   HERITAGE MANOR OF BOSSIER failed to recognize
     signs/symptoms of the pressure wound on LUE REE DENNIS' right
     foot;

e)   HERITAGE MANOR OF BOSSIER failed to provide adequate and
     reasonable nursing care to LUE REE DENNIS to prevent the
     continued deterioration and contamination of the left and right foot
     wound;

f)   HERITAGE MANOR OF BOSSIER failed to update/revise the care
     plan interventions when   there was deterioration in LUE REE
     DENNIS' pressure ulcers;

g)   HERITAGE MANOR OF BOSSIER failed to provide adequate off-
     loading of LUE REE DENNIS' left foot to prevent continued
     damage to underlying tissue;

h)   HERITAGE MANOR OF BOSSIER failed to follow their own
     guidelines for directed documentation for residents with impaired
     skin integrity;

i)   HERITAGE MANOR OF BOSSIER failed to implement protein supplements and vitamin therapy to LUE REE DENNIS in a timely manner to promote wound healing;

j)   HERITAGE MANOR OF BOSSIER failed to provide proper positioning for LUE REE DENNIS to prevent pressure wound injuries and skin breakdowns;

k)   HERITAGE MANOR OF BOSSIER failed to provide proper nutritional care for LUE REE DENNIS, contributing to the development of pressure wounds and the breakdown of her skin;

l)   HERITAGE MANOR OF BOSSIER failed to provide adequate wound care and proper nursing interventions throughout LUE REE DENNIS' admission; and

m)   HERITAGE MANOR OF BOSSIER failed to administer proper medical treatment and other acts of negligence, fault and/or deviation from the standard of care, as will be revealed through discovery and thereafter shown at the trial of this matter.

19.

As a result of the negligence and deviation from the standard of care, Plaintiffs, JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF LUE REE DENNIS suffered the following, among other, non-exclusive injuries:

a)   Loss of love and affection of their family member, Lue Ree Dennis;

b)   Mental pain, and anguish;

c)   Emotional distress;

d)   Loss of society;

e)   Wrongful death of their family member;

7

f)      Medical expenses;

g)      Funeral expenses; and

h)      Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

20.

As a result of the negligence and deviation from the standard of care, LUE REE DENNIS suffered physical pain and suffering, emotional pain and suffering and an untimely death.

21.

The aforestated actions of the defendant, BOSSIER HEALTHCARE, LLC, d/b/a HERITAGE MANOR OF BOSSIER, fell below the medical standard of care and duty owed to plaintiffs and plaintiffs are entitled to be fully compensated for all losses, injuries, and damages which she has suffered as a result of the aforestated medical malpractice of defendants, BOSSIER HEALTHCARE, LLC, d/b/a HERITAGE MANOR OF BOSSIER.

22.

At the time of the incident complained of herein the defendant, HERITAGE MANOR OF BOSSIER, was not an enrollee under Louisiana Revised Statute 1299.39, et seq., and is not entitled to the coverages and protections provided under such Act.

23.

That it may be necessary for the plaintiffs to call expert witnesses on their behalf

8

at the trial of this matter and that the fees of such expert witnesses should be assessed as costs herein and borne by the defendant.

WHEREFORE, PLAINTIFFS, JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF LUE REE DENNIS, pray that defendant, BOSSIER HEALTHCARE, LLC, d/b/a HERITAGE MANOR OF BOSSIER, be duly served with a certified copy of the above and foregoing original complaint and be cited to appear and answer same;

PLAINTIFFS, JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF LUE REE DENNIS, further pray that after due proceedings had that there be judgment in her favor and against defendant, BOSSIER HEALTHCARE, LLC, d/b/a HERITAGE MANOR OF BOSSIER, for a sum sufficient to compensate plaintiffs for all losses, injuries and other damages which they have suffered as a result of the aforementioned malpractice by defendants with legal interest from the date that the request for the Medical Review Panel was made; until paid, and for all costs of these proceedings, including the fees of any expert witnesses that may be called to testify on behalf of the plaintiffs at the trial of this matter, and for all orders and decrees necessary and proper, considering the premises.

PLAINTIFFS, JESSE DENNIS, JR., TERESA DENNIS, the ESTATE OF JAMES DENNIS, SR., and the ESTATE OF LUE REE DENNIS, further pray for full, general and equitable relief.

9

Respectfully submitted,


/s/Patrick R. Jackson
Patrick R. Jackson
Patrick R. Jackson, APLC
Louisiana Bar No. 25722
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
Telephone:  (318) 752-3335
Facsimile:  (318) 752-3315
ATTORNEY FOR PLAINTIFFS